Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2183 | **DATE** | 5/25/2011 |
| **CASE TITLE** | Johnson vs. Waukegan Sch. Dist. No. 60, et al. | | |

**DOCKET ENTRY TEXT**

The Court grants in part and denies in part defendants Judy Lafferty, "Cheryl the Substitute Caller" (who is Cheryl Laffredi) and Waukegan School District No. 60's motion to dismiss [42]. The Court grants the motion and dismisses: (1) Lafferty and Laffredi as defendants with regard to the ADA claim; (2) the Title VII claim in its entirety without prejudice; (3) the § 1983 claim to the extent that it is based on violations of the ADA with prejudice; (4) the §§ 1981 and 1983 claims against Waukegan School District No. 60 without prejudice; (5) the defamation claim without prejudice. The Court denies the motion as to: (1) the ADA claims; and (2) the §§ 1981 and 1983 claims against Lafferty and Laffredi.

■[ For further details see text below.]

Docketing to mail notices.
*Copy to judge/magistrate judge.

## STATEMENT

When ruling on a motion pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "tak[e] the factual allegations pleaded by the plaintiffs as true and draw[ ] all reasonable inferences in their favor." *London v. RBS Citizens, N.A.*, 600 F.3d 742, 745 (7th Cir. 2010). "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990) (quotation omitted). A plaintiff's complaint must provide "only a short and plain statement of the claim showing that the pleader is entitled to relief" in order to give the defendant "fair notice" of the plaintiff's claims and the basis for those claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A dismissal under Rule 12(b)(6) is required if the complaint fails to describe a claim that is "plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

**Americans with Disabilities Act ("ADA") Claims**

A. To the extent that defendants argue that Lafferty and Laffredi should be dismissed as defendants with regard to Johnson's ADA claims, the Court grants the motion because individuals may not be held liable under the ADA. *See EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1279 (7th Cir. 1995); 42 U.S.C. § 12112 *et seq*. Lafferty and "Cheryl" are hereby dismissed with regard to Johnson's ADA claims.

B. Johnson has attempted to recast her ADA claim as an equal protection claim under 42 U.S.C. § 1983 (possibly in an effort to create individual liability with regard to Lafferty and Laffredi). The Seventh Circuit, however, has stated that other statutes may bar a § 1983 claim when the § 1983 claim is based directly on a statutory violation. *See Discovery House, Inc. v. Consol. City of Indianapolis*, 319 F.3d 277,

| STATEMENT |
|---|

281 (7th Cir. 2003); *see, e.g., Torrence v. Advanced Home Care, Inc.*, No. 08 C 2821, 2009 WL 1444448, at *7 (N.D. Ill. May 21, 2009) ("[A] number of district courts in this circuit have held that Section 1983 claims may not rest on the ADA or the Rehabilitation Act."); *Silk v. City of Chi.*, No. 95 C 143, 1996 WL 312074, at *19 (N.D. Ill. June 7, 1996) ("[T]he comprehensive enforcement schemes adopted by Congress in the ADA and the Rehabilitation Act of 1973 preclude Silk from seeking to enforce a violation of either statute through 42 U.S.C. section 1983."). Johnson clearly alleges that her equal protection claim is based on the ADA (Second Am. Compl. p. 5 ¶ 7.2.) Because plaintiff bases her § 1983 claim, in part, on violations of the ADA, she is precluded from seeking to enforce those violations through § 1983. Thus, to the extent that plaintiff bases her § 1983 claim solely on a violation of the ADA, the Court dismisses it with prejudice.

C. Although defendants argue that Johnson's ADA retaliation claim is untimely, the Court denies the motion to dismiss without prejudice on this ground. On a motion to dismiss, it would be improper to require Johnson to anticipate and plead around the statute of limitations affirmative defense. *Leavell v. Kieffer*, 189 F.3d 492, 494 (7th Cir. 1999) ("Complaints need not anticipate or plead around affirmative defenses, . . . so there is no problem under Rule 12(b)(6)."). Further, Johnson has not pleaded herself out of court by asserting that the equitable tolling or estoppel doctrines do not apply to her ADA claim (or her Title VII, § 1981, § 1983 or defamation claims, for that matter). In fact, she alleges she was not notified of the letters placed in her personnel file which raises potential tolling/estoppel issues. Defendants may raise the statute of limitations issue on summary judgment, but given the pleadings, it would be improper to dismiss her ADA retaliation claim now.

**Title VII of the Civil Rights Act of 1964 ("Title VII") Claims**

A. Johnson's Title VII claim is barred in its entirety. Title VII "claims brought in judicial proceedings must be within the scope of the charges filed with the EEOC." *Conner v. Ill. Dep't of Natural Res.*, 413 F.3d 675, 680 (7th Cir. 2005); *see* 42 U.S.C. § 2000e *et seq*. This rule serves two purposes: (1) it allows the EEOC a chance to resolve the dispute, and (2) it puts the employer on notice for the charges against it. *Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir. 2002). To determine whether a claim is within the scope of an EEOC charge, a court must ask whether the claim is "like or reasonably related to" the EEOC charge and "whether the current claim reasonably could have developed from the EEOC's investigation of the charges before it." *Cheek v. Peabody Coal Co.*, 97 F.3d 200, 202 (7th Cir. 1996). When a complaint raises a different theory of discrimination than was raised in the EEOC charge, a court must be able to infer the different theory of discrimination from the facts alleged in the EEOC charge for the complaint to fall within the scope of the EEOC charge. *Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 527 (7th Cir. 2003).

Johnson's EEOC charge solely complained of discrimination, retaliation and harassment based on disability. (*See* First Am. Compl., Ex., EEOC Charge.) There was no mention of discrimination, retaliation or harassment based on color (or race or national original for that matter). Because (1) Johnson's color discrimination claim could not have reasonably developed from the EEOC's investigation into disability discrimination, and (2) the Court is unable to infer a Title VII color claim from the facts alleged in the EEOC charge, the Court holds that Johnson's Title VII color claim is beyond the scope of her EEOC charge. The Court grants defendants' motion to dismiss Johnson's Title VII claim and dismisses it without prejudice.

**42 U.S.C. §§ 1981, 1983 Claims**

| STATEMENT |
|---|

A.  Defendants argue that Johnson has failed to state a claim under §§ 1981 and 1983 against Lafferty and Laffredi.  The Court disagrees.  Johnson has alleged that Lafferty and Laffredi violated §§ 1981 and 1983 by discriminating against her based on color when they hired non-certified teachers before hiring Johnson, who is a certified teacher, failed to assign or promote her to a long-term teaching position and harassed her by placing negative comments in her personnel file which prevented her from being hired and promoted.  These allegations are sufficient to give defendant fair notice of Johnson's claims and the basis for those claims.  Accordingly, the Court denies defendants' motion to dismiss Johnson's §§ 1981 and 1983 claims against Lafferty and Laffredi.

B.  To the extent that Johnson has sued Waukegan School District No. 60 pursuant to sections 1981 and 1983, she has failed to state a claim.  To allege liability against a municipality under §§ 1981 and 1983, the alleged constitutional violations must be caused by one of the municipality's policies.  *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978) (holding that municipalities can be held liable under § 1983 only when "official policy [is] the moving force of the constitutional violation"); *see Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989) (applying the municipality policy rule in *Monell* to § 1981). A policy, in this context, means (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) action by a person with final policymaking authority.  *McCormick v. City of Chi.*, 230 F.3d 319, 324 (7th Cir. 2000).

Johnson fails to allege that Waukegan School District No. 60 had an express policy or a widespread practice of discriminating against teachers based on color.  Further, Johnson has not alleged that the school board delegated to the principals or the substitute caller the authority to make policy.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986) ("The fact that a particular official . . . has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion."); *Adkins v. Bd. of Educ. of Magofein Cnty.*, 982 F.2d 952, 959 (6th Cir. 1993) (stating that "a person who has authority only to recommend, and whose recommendations can be implemented only upon subsequent approval by a governing body" does not have final policymaking authority.)  Therefore, the Court grants defendants' motion to dismiss Johnson's §§ 1981 and 1983 claims against Waukegan School District No. 60, and dismisses these claims without prejudice.

**Defamation**

Defendants move to dismiss Johnson's defamation claim.  To state a claim for defamation under Illinois law, the plaintiffs must allege that: "[A] defendant made a false statement concerning the plaintiff, that there was an unprivileged publication of the defamatory statement to a third party by the defendant, and that the plaintiff suffered damages as a result." *Giant Screen Sports v. Can. Imperial Bank of Commerce*, 553 F.3d 527, 532 (7th Cir. 2009) (citations omitted).

In support of her defamation claim, Johnson alleges that Lafferty placed a negative letter in Johnson's personnel file without notifying Johnson.  First, Johnson does not allege that the negative letter contained false statements.  Second, Johnson fails to allege that there was an unprivileged publication of any defamatory

statement to a third party by Lafferty.  Because Johnson has failed to allege two of the three elements necessary to state a defamation claim, the Court dismisses the claim without prejudice.

**STATEMENT**